GLICKSTEIN, Judge,
concurring specially.
The trial court in this case relied upon Barnett Bank of Palm Beach County, N.A. v. Regency Highland Condominium Association, 452 So.2d 587 (Fla. 4th DCA 1984), concluded appellee to be holder in due course and determined that appellant’s affidavit — when read subject to the guidelines of Barnett — did not create a sufficient defense.
Barnett, albeit a reversal, was decided after a trial on the merits. We have concluded that the facts contained in the affidavit could rise to the level of inferable knowledge described in Eldon’s Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 296 Minn. 130, 207 N.W.2d 282 (1973), so as to create an issue to be tried. In Eldon’s, a Minnesota court interpreted the notice definition of the Code to require either actual or “inferable” knowledge. The test for infer-able knowledge according to that court was “something more than failure to make inquiry about an unknown fact.” Id. at 138, 207 N.W.2d at 288. Such failure to make an inquiry “may be negligence and lack of diligence, but it is not ‘notice’ of what he might discover.” Id. Basically, the court required some sort of “red flag” which *1015 would alert the holder to the necessity for further inquiry.
Likewise, in McConnico v. Third National Bank in Nashville, 499 S.W.2d 874 (Tenn.1973), a Tennessee court construed notice to require either actual knowledge of a claim or defense, or dishonesty in handling the commercial paper such as would evidence bad faith. Id. at 884. The dishonesty or bad faith aspect of notice required by the Tennessee court appears to be analogous to the “red flags” or inferable notice used in Eldon’s.
Both Eldon’s and McConnico were on appeal after a full trial below. Both courts affirmed the trial court’s holding that the holder was a holder in due course because the record disclosed no evidence which would create actual or inferable notice. However, in the instant case, the trial court entered summary judgment based only on the pleadings and supporting affidavits.
Here, appellee filed nothing in response to the affidavit filed by appellants, which contained sufficient facts in the affiant’s opinion to raise the red flag of inferable knowledge. While the trial court may still remain unconvinced at trial, the decision which we reverse was rendered upon the unopposed affidavit.